UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SOUTHRIDGE PARTNERS, L.P.,

                              Plaintiff,

-against-

ANGELA DU, ERNEST CHEUNG,
BRYAN ELLIS and JOHN GAETZ,

                              Defendants.
---------------------------------------------------------------x

Docket No. 07 CV 10626 (LAP)(MHD)

**AFFIRMATION OF**
**KENNETH E. CITRON**

      **KENNETH E. CITRON**, an attorney duly admitted to practice before this Court, hereby affirms under penalty of perjury that the following statements are true to the best of his knowledge:

1.       I am a member of the law firm Snow Becker Krauss P.C., attorneys for Defendants Angela Du, Ernest Cheung and John Gaetz (the "Defendants"). I submit this affirmation in support of Defendants' motion for an Order:

    (i)     Dismissing those claims of Plaintiff Southridge Partners, L.P. (the "Plaintiff") which are predicated on allegations that the corporate veil should be pierced to impose liability upon Defendants, individually, for a judgment obtained by Plaintiff against China Mobility Systems, Inc. ("CMS" or the "Corporation"), a public corporation in which each Defendant was, during the relevant period, an officer and director, on the grounds that pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") *12(b)(6)* Plaintiff has failed to state a claim for which such relief may be granted;

 (ii) Dismissing the claims made by Plaintiff for alleged acts of fraudulent inducement and fraud perpetrated against it by Defendants, on grounds that pursuant to *Fed. R. Civ. P. 9(b)* Plaintiff has: (a) engaged in prohibited "group pleading;" and (b) failed to plead these claims with the requisite particularity; and

 (iii) For such other and further relief and the Court may deem just and proper, including but not limited to the award of all attorney's fees, costs and expenses incurred by Defendants in connection with this action.

2. Plaintiff commenced this action by filing its Verified Complaint (the "Complaint") on September 6, 2007, in the Supreme Court of the State of New York, County of New York, Index No. 602982/07.

3. The Complaint was served on defendant Angela Du on November 6, 2007, in Vancouver, British Columbia, Canada.

4. The action was removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 on November 27, 2007.

5. A true copy of the Complaint is annexed hereto as **Exhibit A**.

6. For the reasons set forth in the accompanying Memorandum of Law in Support of the Motion of Defendants Angela Du, Ernest Cheung and John Gaetz to Dismiss the Complaint, the relief requested by Defendants should be granted in its entirety.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York
   April 9, 2008

                    /s/ Kenneth E. Citron
                    Kenneth E. Citron

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

SOUTHRIDGE PARTNERS, L.P.,

                  Plaintiff,

     -against-

ANGELA DU, ERNEST CHEUNG, BRYAN ELLIS,
and JOHN GAETZ,

                  Defendants.
---------------------------------------------------------------X

SUMMONS

Index No. 602982/07

Date Filed: SEP 06 2007

To the above-named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    This is an action to recover damages based upon fraud.

Dated: September 5, 2007
       New York, New York

                              GERSTEN SAVAGE LLP
                              Attorneys for Plaintiff

                              By: _____
                                David Lackowitz
                              600 Lexington Avenue
                              New York, NY 10022
                              (212) 752-9700

NEW YORK
COUNTY CLERK'S OFFICE

SEP 06 2007

NOT COMPARED
WITH COPY FILED

Nov. 6, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
SOUTHRIDGE PARTNERS, L.P.,

        Plaintiff,

v.

ANGELA DU, ERNEST CHEUNG, BRYAN
ELLIS, and JOHN GAETZ,

        Defendants.
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 603983/07

    Plaintiff Southridge Partners, L.P. (hereinafter "Southridge" or the "Plaintiff"), through its undersigned counsel, Gersten Savage LLP, as and for its complaint against Defendants Angela Du, Ernest Cheung, Bryan Ellis, and John Gaetz (collectively referred to herein as the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

    1.    The Defendants, who are Canadian residents, dominate and control a Chinese company, China Mobility Solutions, Inc. (hereinafter "CMS") which owes plaintiff more than a half-million dollars. They deliberately incurred an obligation that they had no intention of repaying; and then, after plaintiff obtained a judgment and the company refused to satisfy it, the individual defendants embarked on a campaign to fraudulently forestall plaintiff from enforcing its judgment and discovering the company's North American assets. Their deceptive actions, conveyed through their U.S. counsel, included making false and misleading oral commitments about entering into a standstill agreement and then satisfying the judgment, but when the time came to follow through on their representations they concocted excuse after excuse to forever avoid doing so.

## THE PARTIES

2. Plaintiff Southridge is a single-purpose limited partnership duly and validly existing under the laws of the State of Delaware, with its principal place of business located at 90 Grove Street, Suite 204, Ridgefield, CT 06877. Southridge is an institutional investor which provides financing for companies in need.

3. Upon information and belief, Defendant Du resides in Canada and is the President of CMS.

4. Upon information and belief, Defendant Cheung resides in Canada and is a Director and the Secretary of CMS.

5. Upon information and belief, Defendant Ellis resides in Canada and is a Director of CMS.

6. Upon information and belief, Defendant Gaetz resides in Canada and is a Director of CMS.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under New York's long-arm statute, CPLR § 302(3) since the acts complained of caused the Plaintiff to suffer damages within the state, since the Defendants should have reasonably expected their acts to have consequences in the state, and they derive substantial revenue from interstate or international commerce.

8. Additionally, jurisdiction is proper since the Senior Convertible Debenture entered into between Southridge and CMS on or about August 15, 2005 (hereinafter the "Debenture"), in connection with which all of the Defendants' actions were taken, acknowledged that it was "deemed to be a contract made under the laws of the State of

New York ... and shall for all purposes be construed under and governed by the laws of said jurisdiction."

9.   Venue is proper pursuant to CPLR § 503(a) since none of the parties reside within the State of New York and the Plaintiff has elected to pursue its rights and remedies here, and pursuant to CPLR § 501 since the Debenture fixed New York County as the place of trial.

## THE UNDERLYING LOAN AND JUDGMENT

10.  On or about August 15, 2005, as part of a debt offering, Southridge loaned CMS $500,000. In consideration for the aforesaid loan, on or about August 15, 2005, CMS executed the Debenture in favor of Southridge. The principal amount of the Debenture, $500,000, was payable quarterly in arrears beginning on September 30, 2005. The Debenture also provided for the payment of interest.

11.  After making certain interest payments, CMS defaulted under the Debenture when it failed to make the August 15, 2006 principal and interest payments when due and owing.

12.  On or about September 18, 2006, Southridge commenced a related action in this Court entitled Southridge Partners, LP v. China Mobility Solutions, Inc., Index No.: 06-603266. That action was commenced via Motion for Summary Judgment in Lieu of Complaint pursuant to CPLR § 3213.

13.  On or about January 19, 2007, a Judgment for $545,440.22 was entered by the Clerk of the Court in favor of Southridge and against CMS (hereinafter the "Judgment").

14.  To date, CMS has failed and refused to satisfy the Judgment.

## DEFENDANTS' WRONGDOING

15. Upon information and belief, CMS was wholly under-funded, lacked corporate formalities and other corporate paraphernalia, had its finances managed, controlled and transferred by the Defendants and was nothing more than an instrumentality for the Defendants' own operations.

16. The Defendants, upon information and belief, utilized their collective domination and control over CMS – including but not limited to their collective control of CMS's bank accounts and other assets – in order to perpetrate wrongful and/or unjust acts towards the Plaintiff, including upon information and belief through their intentional and planned default on the Debenture, their reshuffling of assets, their transfer of CMS's assets from North America to China with the intent to defraud past and future creditors of CMS, including the Plaintiff, and their efforts to delay and prevent judgment enforcement and the discovery of their assets as set forth herein and below.

17. The Defendants, as officers and directors of CMS, caused the Debenture to be executed by CMS, upon information and belief with the knowledge and intention that CMS would not repay Southridge.

18. Furthermore, following entry of the Judgment, the Defendants convinced Southridge to defer judgment enforcement – which would have revealed CMS's North American assets that Defendants preferred remain shrouded in mystery – by repeatedly assuring Southridge, through CMS's counsel, that they intended to satisfy the Judgment and would in the interim enter into a "standstill" agreement that would provide Southridge with certain protections in the event they did not do so.

19.   Defendants, however, had no intention of ever entering into any standstill agreement providing Southridge with any protection whatsoever. Rather, they intended merely to delay and to defer the day that Southridge would be able learn information about CMS's assets and eventually enforce its judgment and obtain the compensation to which it is entitled. To further that end, Defendants continually refused to execute the agreed-upon standstill agreement, and continued to endlessly propose alterations to the material terms of the agreement (even when those terms had been previously agreed upon by the parties), all with the intent and effect of evading and delaying the payment of Southridge's Judgment and the disclosure of CMS's North American Assets.

## COUNT I
## PIERCE THE CORPORATE VEIL

20.   Plaintiff repeats and re-alleges each and every allegations set forth in paragraphs 1 through 19 as though more fully set forth herein.

21.   Upon information and belief, the Defendants exercised complete domination and control over CMS and used that domination and control to perpetrate wrongful acts towards the Plaintiff.

22.   Accordingly, CMS's corporate veil should be pierced and the Defendants should be required to satisfy CMS's obligations to Southridge under the Debenture.

23   By reason of the foregoing, Southridge was damaged in the amount of $545,440.22, the outstanding amount of the Judgment, plus additional accrued interest at applicable rates, plus attorneys' fees as permitted under the terms of the Debenture.

## COUNT II
### FRAUDULENT INDUCEMENT

24. Plaintiff repeats and re-alleges each and every allegations set forth in paragraphs 1 through 23 as though more fully set forth herein.

25. Upon information and belief, the Defendants knew and intended, prior to execution of the Debenture, that CMS would be unable and/or unwilling to satisfy its obligations thereunder.

26. The Defendants fraudulently induced Southridge to loan sums to CMS by expressly assuring Southridge that CMS would timely repay Southridge while knowing and intending that CMS would not do so.

27. As a result of the Defendants' fraud, Southridge was damaged in the amount of $545,440.22, the outstanding amount of the Judgment, plus additional accrued interest at applicable rates, plus attorneys' fees as permitted under the terms of the Debenture.

## COUNT III
### FRAUD

28. Plaintiff repeats and re-alleges each and every allegations set forth in paragraphs 1 through 27 as though more fully set forth herein.

29. Upon information and belief, the Defendants knew and intended at all relevant times that CMS would refuse to execute any standstill agreement giving Southridge any protections whatsoever, and that CMS was engaging in deliberately futile negotiations simply to forestall judgment enforcement and the discovery of CMS's North American assets.

30. As a result of the Defendants' fraud, Southridge was damaged in the amount of $545,440.22, the outstanding amount of the Judgment, plus additional accrued interest at applicable rates, plus attorneys' fees as permitted under the terms of the Debenture.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    A.    Judgment in the amount of $545,440.22 on Count I;

    B.    Judgment in the amount of $545,440.22 on Count II;

    C.    Judgment in the amount of $545,440.22 on Count III;

Together with interest, attorneys' fees and such other relief which this Court deems just and proper.

Dated: September 5, 2007

GERSTEN SAVAGE LLP

By: _____
David Lackowitz
Robert Wolf
Attorneys for Plaintiff
600 Lexington Avenue
New York, New York 10022
(212) 752-9700

## VERIFICATION

STATE OF CONNECTICUT   )
                       ) ss.:
CITY OF RIDGEFIELD     )

Stephen M. Hicks, being duly sworn deposes and says: That I am the Managing Director of Southridge Partners, LP, the plaintiff herein; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe it to be true.

STEPHEN M. HICKS

Sworn to before me this
30th day of August 2007

_Erika Magnussen_
Notary Public

ERIKA M. MAGNUSSEN
Notary Public
My Commission Expires 00/00/2010