UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOUTHRIDGE PARTNERS, L.P.,

                                  Docket No. 07 CV 10626 (LAP)(MHD)

                Plaintiff,

   -against-

ANGELA DU, ERNEST CHEUNG,
BRYAN ELLIS and JOHN GAETZ,

                Defendants.
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS ANGELA DU, ERNEST CHEUNG AND JOHN GAETZ TO DISMISS THE COMPLAINT

**SNOW BECKER KRAUSS P.C.**
Attorneys for Defendants
Angela Du, Ernest Cheung and John Gaetz
605 Third Avenue
New York, New York 10158
(212) 687-3860

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

PLAINTIFF'S ALLEGATIONS .................................................................................................. 1

     (i)     Factual Allegations ................................................................................................ 1

     (ii)    Plaintiff's Claims for Relief ................................................................................... 2

ARGUMENT ............................................................................................................................... 4

    POINT I – PLAINTIFF HAS FAILED TO STATE A CLAIM TO
    PIERCE THE CORPORATE VEIL, COMPELLING THE DISMISSAL
    OF ITS FIRST CLAIM FOR RELIEF ........................................................................... 4

    POINT II – THE SECOND AND THIRD CLAIMS FOR RELIEF
    AGAINST THE DEFENDANTS MUST BE DISMISSED
    PURSUANT TO FED. R. CIV. P. 9(b) ......................................................................... 6

        A.     The Second and Third Claims for Relief Against the
             Defendants Must be Dismissed Because the Allegations
             Fail to Distinguish Among Multiple Defendants and, Instead,
             Constitute a Prohibited Group Pleading ........................................................ 6

        B.     The Second and Third Claims Against the Defendants
             for Fraudulent Inducement and Fraud Should be Dismissed
             Because the Plaintiff's Failure to Plead with the Requisite
             Particularity .................................................................................................. 9

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995).................................................................4

Apace Communications, Ltd. v. Burke, 522 F.Supp.2d 509 (W.D.N.Y. 2007)..........................5, 7

Cosmas v. Hassett, 886 F.2d 8 (2d Cir. 1989)..............................................................................9

DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65 (2d Cir. 1996).............................................5

DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242 (2d Cir. 1987)....................................7

Doehla v. Watlne Ltd., 1999 WL 566311 (S.D.N.Y. Aug. 3, 1999)..............................................9

EED Holdings v. Palmer Johnson Acquisition Corp.,
    228 F.R.D. 508 (S.D.N.Y. 2005) ....................................................................................4, 6, 10

In re Crude Oil Commodity Litigation,
    No. 06 Civ. 6677, 2007 WL 1946553 (S.D.N.Y. June 28, 2007)..........................................8

In re Currency Conversion Fee Anti-Trust Litigation,
    265 F.Supp.2d 385 (S.D.N.Y. 2003)................................................................................4, 5, 6

Jackson National Life Insurance Company v. Ligator, 949 F. Supp. 200 (S.D.N.Y. 1996).............9

Kalin v. Xanboo, Inc. 526 F.Supp.2d 392 (S.D.N.Y. 2007).........................................................7

Kingdom 5-KR-41, Ltd. v. Star Cruises PLC,
    2002 WL 432390 (S.D.N.Y. March 20, 2002).......................................................................6

Lesavoy v. Lane, 304 F. Supp.2d 520 (S.D.N.Y. 2004)................................................................4

McLaughlin v. Anderson, 961 F.2 187 (2d Cir. 1992)..................................................................7

Mills v. Polar Molecular Corp., 12 F. 3d 1170 (2nd Cir. 1993)................................................8, 9

Murray v. Miner, 74 F.3d 402 (2d Cir. 1996)...............................................................................4

Network Enters., Inc. v. APBA Offshore Prods., Inc.,
    2002 WL 31050846 (S.D.N.Y. Sept. 12, 2002).....................................................................6

Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000)..............................................................................9

Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124 (2d Cir. 1994)..................................................9

Strojmaterialintorg v. Russian American Commercial Corp.,
    815 F.Supp. 103 (E.D.N.Y. 1993)..................................................................................5

Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. De-Com Mech. Contractors,
    896 F.Supp. 342 (S.D.N.Y. 1995)..................................................................................7

United Feature Syndicate, Inc. v. Miller Feature Syndicate, Inc.,
    216 F.Supp.2d 198 (S.D.N.Y. 2002)..............................................................................6

## PRELIMINARY STATEMENT

Defendants Angela Du, Ernest Cheung and John Gaetz (the "Defendants") respectfully submit this memorandum in support of their motion to dismiss:

(i) the claims of Plaintiff Southridge Partners, L.P. (the "Plaintiff") which are predicated on allegations that the corporate veil should be pierced to impose liability upon Defendants, individually, for a judgment obtained by Plaintiff against China Mobility Systems, Inc. ("CMS" or the "Corporation"), a public corporation in which each Defendant was, during the relevant period, an officer and director, on the grounds that pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") *12(b)(6)* Plaintiff has failed to state a claim for which such relief may be granted; and

(ii) the claims made by Plaintiff for alleged acts of fraudulent inducement and fraud perpetrated against it by Defendants, on grounds that pursuant to *Fed. R. Civ. P. 9(b)* Plaintiff has: (a) engaged in prohibited "group pleading;" and (b) failed to plead these claims with the requisite particularity.

## PLAINTIFF'S ALLEGATIONS

(i) Factual Allegations

On or about August 15, 2005, in consideration of a loan made to it by Plaintiff, the Corporation executed a one-year Debenture in Plaintiff's favor in the principal amount of $500,000, plus interest, payable quarterly in arrears beginning on September 30, 2005. ¶ 10.[1]

---

[1] References to "¶" are to paragraphs of the Verified Complaint filed by Plaintiff in New York County Supreme Court on September 6, 2007, a copy of which is annexed as Exhibit 1 of the Affidavit of Kenneth E. Citron, dated April 9, 2008 (the "Citron Aff."). The state court

1

Plaintiff alleges, on information and belief, that Defendants, "as officers and directors of CMS," caused the execution of the Debenture by the Corporation "with the knowledge and intention that CMS would not repay" Plaintiff. ¶ 17. Plaintiff separately alleges, apparently with reference to Defendants, that "*they* incurred an obligation *they* had no intention of repaying." ¶ 1 [emphasis supplied].

For a period of time, the Corporation made interest payments to Plaintiff pursuant to the Debenture but did not make full payment of its obligations upon the maturity thereof. ¶ 11. Plaintiff therefore commenced an action against the Corporation in the Supreme Court of the State of New York, County of New York on or about September 18, 2006, which resulted in a judgment against the Corporation in the amount of $545,440.22. ¶¶ 12, 13. Said judgment remained unsatisfied as of the filing of the Complaint in the instant action. ¶ 14.

Plaintiff alleges that after entry of the judgment against the Corporation, Defendants, "through CMS's counsel," convinced Plaintiff not to enforce the judgment against the Corporation by making assurances that "they intended to satisfy the Judgment and would enter into an interim 'standstill' agreement to provide [Plaintiff] with certain protections in the event they did not do so." ¶ 18. It is further alleged that Defendants did not intend to enter into a standstill agreement, but, rather, intended to delay Plaintiff's enforcement of its judgment against the Corporation. ¶ 19.

(ii)     Plaintiff's Claims for Relief

Plaintiff's claims that Defendants should be individually liable for the Corporation's

---

action was removed to this Court on November 27, 2007, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

obligation are premised solely on conclusory allegations made on information and belief:

(a) that "CMS was wholly under-funded, lacked corporate formalities and other corporate paraphernalia, had its finances managed, controlled and transferred by the Defendants and was nothing more than an instrumentality for the Defendants' own operations." ¶ 15;

(b) that "Defendants utilized their collective domination and control over [the Corporation] – including but not limited to CMS's bank accounts and other assets – in order to perpetrate wrongful and/or unjust acts toward the Plaintiff, including, upon information and belief through their intentional and planned default on the Debenture, their reshuffling assets, their transfer of CMS's assets from North America to China with the intent to defraud past and future creditors of CMS, including the Plaintiff, and their efforts to delay and prevent judgment enforcement and the discovery of their assets[.]" ¶ 16; and

(c) that "Defendants exercised complete domination and control over CMS which they used to perpetrate wrongful acts toward Plaintiff." ¶ 21.

Plaintiff's claims that Defendants, individually, committed wrongful acts of fraud are premised exclusively on the allegations that:

(a) "Defendants knew and intended, prior to the execution of the Debenture, that CMS would be unable and/or unwilling to satisfy its obligations thereunder" ¶ 25;

(b) that Defendant's "induced Plaintiff to loan sums to CMS by expressly assuring that CMS would timely repay Southridge while knowing and intending that CMS would not do so" ¶ 26; and

(c)  "[u]pon information and belief, the Defendants knew and intended at all relevant times that CMS would refuse to execute any standstill whatsoever, and that CMS was engaging in deliberately futile negotiations simply to forestall judgment enforcement and discovery of CMS's North American assets." ¶ 29.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO STATE A CLAIM TO PIERCE THE CORPORATE VEIL, COMPELLING THE DISMISSAL OF ITS FIRST CLAIM FOR RELIEF

Plaintiff falls directly into the trap of *F. R. Civ. P. 12 (b)(6)* by asserting its veil-piercing claims exclusively upon information and belief, in wholly conclusory terms and without any factual support. Its claims for veil-piercing must therefore be dismissed.

While veil-piercing claims not based on fraud are subject to the "notice pleading" standard of *Fed. R. Civ. P. 8(a)*, where, as here, the veil-piercing claims are specifically based on allegations of fraud, the heightened pleading standard of Rule 9(b) is the lens through which those allegations must be examined. In re Currency Conversion Fee Anti-Trust Litigation, 265 F.Supp.2d 385, 425-26 (S.D.N.Y. 2003). This requires that a plaintiff plead "particularized 'facts that give rise to a strong inference' that defendants acted with fraudulent intent." EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005); *quoting* Lesavoy v. Lane, 304 F. Supp.2d 520, 530 (S.D.N.Y. 2004)(*quoting* Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995)). A veil-piercing complaint which consists solely of conclusory allegations unsupported by factual assertions fails under *F. R. Civ. P. 12(b)(6)*. In re Currency Conversion Fee Anti-Trust Litigation, 265 F.Supp.2d at 426; DeJesus v. Sears,

4

Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996).

Plaintiff's failure to satisfy these pleading requirements is manifest in its Complaint. It is simply insufficient to allege merely that Defendants are the officers and directors of the Corporation; the "unadorned invocation" of dominion and control cannot suffice to state a claim based on veil -piercing or alter ego-liability, even under the liberal notice pleading standard. In re Currency Conversion Fee Anti-Trust Litigation, 265 F.Supp.2d at 426. Actual domination, rather than just the opportunity to exercise control, must be shown. DeJesus, 87 F.3d at 69, 70.

It also is not enough to baldly assert upon information and belief that the Corporation "was under-funded," "lacked corporate formalities" or that Defendants "controlled and transferred" funds from the Corporation for their own benefit. The Complaint must assert *specific facts* showing that Defendants were doing business in an individual capacity without regard to corporate formalities. United Feature Syndicate, Inc. v. Miller Feature Syndicate, Inc., 216 F.Supp.2d 198, 224 (S.D.N.Y. 2002); *citing* Strojmaterialintorg v. Russian American Commercial Corp., 815 F.Supp. 103, 105 (E.D.N.Y. 1993)(veil-piercing claimant failed to satisfy F. R. Civ. P. because complaint "merely restates the appropriate legal standard to pierce the corporate veil and is absolutely devoid of any particularized allegation indicating *how* [the defendant] disregarded the corporate formalities")(emphasis in original); Apace Communications, Ltd. v. Burke, 522 F.Supp.2d 509, 521-22 (W.D.N.Y. 2007)(mere allegation that defendants "ignored the entity of the corporation and treated the Company as a mere instrumentality or conduit for the transaction their own private business" requires dismissal where not supported by specific factual assertions); Network Enters., Inc. v. APBA Offshore Prods., Inc., 2002 WL 31050846 at *7 (S.D.N.Y. Sept. 12, 2002)("The imposition of successor

liability, as with corporate veil-piercing, requires the allegation and proof of specific facts, none of which have been alleged in the [Complaint]."); Kingdom 5-KR-41, Ltd. v. Star Cruises PLC, 2002 WL 432390, at *12 (S.D.N.Y. March 20, 2002)("[I]n order to overcome the presumption of separateness . . . [plaintiff] is requires to plead more specific facts supporting its claims, not mere conclusory allegations.").

Veil piercing is a narrow exception to the doctrine of limited liability for corporate entities which should only be permitted under extraordinary circumstances. EED Holdings, 228 F.R.D. at 511-12, *citing* Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996). Since Plaintiff asserts its veil-piercing claims exclusively upon information and belief, in wholly conclusory terms and without by any factual support, its Complaint utterly fails to state a claim with the specificity required to hold the Defendants liable for the Corporation's obligation. The Complaint must be dismissed pursuant to *F.R.Civ. P. 12(b)(6)*.

## POINT II

### THE SECOND AND THIRD CLAIMS FOR RELIEF AGAINST THE DEFENDANTS MUST BE DISMISSED PURSUANT TO *F. R. CIV. P. 9(b)*

Even if Plaintiff's Complaint is not dismissed in its entirety pursuant to *F. R. Civ. P. 12(b)(6)*, its second and third claims for relief, for fraudulent inducement and fraud, violate one or more of the requirements *F. R. Civ. P. 9(b)* and must be dismissed.

A.  **The Second and Third Claims for Relief Against the Defendants Must be Dismissed Because the Allegations Fail to Distinguish Among Multiple Defendants and, Instead, Constitute a Prohibited Group Pleading.**

Where there are multiple defendants, *Rule 9(b)* requires that the plaintiff allege facts specifying each defendant's contribution to the fraud. *See e.g.,* DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987). ("Where multiple defendants are asked to

6

respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Specifically, *Rule 9(b)* requires the plaintiff to identify which defendant caused each allegedly fraudulent statement to be spoken, written, wired or mailed; to whom the communication was made; when the communication was made; and how it advanced the fraudulent scheme. McLaughlin v. Anderson, 961 F.2 187, 191 (2d Cir. 1992). The plaintiff "may not rely on sweeping references to acts by all or some of the defendants." Kalin v. Xanboo, Inc. 526 F.Supp.2d 392, 399 (S.D.N.Y. 2007), *quoting* Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. De-Com Mech. Contractors, 896 F.Supp. 342,347 (S.D.N.Y. 1995). Broad, conclusory allegations of fraud against multiple defendants are prohibited by *Rule 9(b)*. Apace Communications, Ltd. v. Burke, 522 F.Supp.2d at 517.

Plaintiffs claims for relief for fraudulent inducement and fraud against Defendants consist of merely a repetitive laundry list of conclusory allegations, many made solely on information and belief, of joint activity by and between the Defendants, including that:

- Upon information and belief, *they* intended and planned to default on the debenture, *they* reshuffled assets, and *they* transferred the Corporation's assets from North America to China; ¶ 16;

- As officers and directors of the Corporation, *they* caused the Debenture to be executed by the Corporation, upon information and belief, with the knowledge and information that the Corporation would not repay Plaintiff. ¶ 17, 25;[2]

- *They* convinced Plaintiff to defer enforcement of the judgment against the Corporation by offering assurances that *they* intended to satisfy the judgment and "repeatedly" offering to enter into a standstill agreement to provide Plaintiff with

---

[2] These allegations depart from the assertion contained in the very first paragraph of the Complaint, wherein Plaintiff alleges with respect to Defendants that, "They deliberately incurred an obligation that they had no intention of repaying." By this allegation, Plaintiff appears to attempt to gloss over the fact that the obligation at issue is attributable to the Corporation and not to the referenced "they" (e.g., the individual Defendants).

7

> protection in the event *they* did not do so, despite that *they* did not intend to enter into such an agreement. ¶¶ 18, 19, 29.

- *They* "continually" refused to execute the allegedly agreed-upon standstill agreement and continued to "endlessly" propose alterations to the material terms of the agreement. ¶ 19, 29.[3]

The Plaintiff has failed to comport with the pleading requirements of *Rule 9(b)* and, instead, in the second and third claims for relief, engages in the type of "group pleading" that is prohibited under the rule. No attempt is made to differentiate the conduct among the multiple defendants allegedly engaged in the offensive acts. This indiscriminate lumping together of multiple defendants without any specificity of what each defendant purportedly said or did clearly violates *Rule 9(b)*. See Mills v. Polar Molecular Corp., 12 F. 3d 1170, 1175 (2nd Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"); In re Crude Oil Commodity Litigation, No. 06 Civ. 6677, 2007 WL 1946553, at *6 (S.D.N.Y. June 28, 2007)(where multiple defendants alleged to have committed fraud, complaint must specifically allege the fraud perpetrated by *each* defendant; lumping all defendants together fails to satisfy particularity requirement); Doehla v. Watlne Ltd., 1999 WL 566311, at * 17-18 (S.D.N.Y. Aug. 3, 1999) (plaintiff improperly lumped all defendants together as a group); Jackson National Life Insurance Company v. Ligator, 949 F. Supp. 200, 208 (S.D.N.Y. 1996) (plaintiffs failure to distinguish among multiple defendants constituted an "egregious example of prohibited 'group pleading'"). Since the Complaint does not contain a

---

[3] Plaintiff's allegations concerning the purported negotiation of the standstill agreement conveniently ignore the fact that Plaintiff could have, at any point in time, sought to secure its judgment or abandoned the negotiations in favor of summary enforcement proceedings. Plaintiff is a sophisticated hedge fund, not a neophyte which might be expected to easily fall victim to the realities of the business world.

single allegation of an individual fraudulent act or statement by any particular Defendant, it must be dismissed pursuant to *Rule 9(b)*.

**B.     The Second and Third Claims Against the Defendants for Fraudulent Inducement and Fraud Should be Dismissed Due to Plaintiff's Failure to Plead with the Requisite Particularity.**

Even if Plaintiff had not engaged in prohibited "group pleading" and had attributed any allegedly fraudulent statements to the particular Defendants, the allegations of fraud are not pleaded with the requisite particularity, therefore compelling dismissal of the second and third claims for relief. *Rule 9(b)* requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". To satisfy this requirement, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000); *citing* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994), *quoting* Mills v. Polar Molecular, 12 F.3d at 1175. The complaint must also assert that a defendant had the intent to defraud, or allege circumstances from which an inference of such intent may be drawn. Cosmas v. Hassett, 886 F.2d 8, 12-13 (2d Cir. 1989).

The Plaintiff's allegations in support of the second and third claims for relief consist of improperly broad and general allegations totally devoid of the requisite specificity. They are patently insufficient to satisfy the pleading requirements of *Rule 9(b)*, in that they fail to contain even a single allegation of fact against any of the Defendants. Indeed, as to the critical issue of whether Defendants intended in advance that the Corporation would default on the Debenture, Plaintiff's paltry allegations are based only on information and belief, in clear violation of *Rule*

9

*9(b)*, which requires that facts be asserted to establish that expressed intent was false at the time it was expressed. EED Holdings, 228 F.R.D. at 513. Indeed, Plaintiff not only fails to plead facts to *support* its allegation of fraudulent intent, it affirmatively asserts facts *contrary* to such intent – that the Corporation actually made interest payments on the Debenture after entering into it. *Rule 9(b)* compels the dismissal of these claims for relief against the Defendants.

## CONCLUSION

For the reasons set forth herein, Plaintiff's claims for relief against the Defendants predicated on allegations that the corporate veil should be pierced must be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)*, because Plaintiff has failed to state a claim for which such relief may be granted. In the alternative, Plaintiff's claims for alleged acts of fraudulent inducement and fraud must be dismissed pursuant to *Fed. R. Civ. P. 9(b)*, because Plaintiff has engaged in prohibited "group pleading" and has failed to plead these claims with the requisite particularity.

Dated: New York, New York
April ___, 2008

Respectfully submitted,

SNOW BECKER KRAUSS P.C.
Attorneys for Defendants Angela Du, Ernest Cheung and John Gaetz

By: _____
Paul C. Kurland (PK 5179)
Kenneth E. Citron (KC 1896)
605 Third Avenue
25th Floor
New York, New York 10158
(212) 687-3860
(212) 455-0455 (facsimile)