# SNOW BECKER KRAUSS P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| JACK BECKER | | MARC J. LUXEMBURG |
| MARK S. BORTEN | 605 THIRD AVENUE | BRAD S. MAISTROW |
| KENNETH E. CITRON | | RALPH K. SMITH |
| EDWARD M. CUDDY, III | NEW YORK, N.Y. 10158-0125 | MICHAEL WEXELBAUM |
| MICHAEL H. DU BOFF | | |
| DAVID B. FELDMAN | (212) 687-3860 | FRANCIS V. IMBORNONE |
| DAVID R. FISHKIN | | (1987-2002) |
| PAUL GOTTLIEB | TELECOPIER | HAROLD L. LUXEMBURG |
| RONALD S. HERZOG | (212) 949-7052 | (1967-1990) |
| ERIC HONICK | | JAMES N. BLAIR |
| MARK A. KANIAN | | HOWARD KARASIK |
| HARVEY KRAUSS | | RICHARD REICHLER |
| PAUL C. KURLAND | | CHARLES SNOW |
| | | LEONARD W. WAGMAN |
| | | COUNSEL |

**BY FACSIMILE (212) 805-7941**

July 22, 2008

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/08

    Re:    <u>Southridge Partners, L.P. v. Angela Du, et al.</u>
           Docket No. 07 CV 10626 (LAP)(MHD)

Dear Judge Preska:

    This firm represents defendants Angela Du, Ernest Cheung and John Gaetz (the "Defendants") in the above-referenced matter. I feel compelled to write in opposition to the request made today by plaintiff Southridge Partners, L.P. ("Southridge") for a further adjournment of its time to oppose Defendants' Motion to Dismiss the Complaint.

    Plaintiff commenced this action by filing its Verified Complaint (the "Complaint") on September 6, 2007, in the Supreme Court of the State of New York, County of New York, Index No. 602982/07. The Complaint was served on defendant Angela Du on November 6, 2007, in Vancouver, British Columbia, Canada. The action was timely removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 on November 27, 2007.

    The gravamen of the Complaint is that the Defendants, the officers and directors of China Mobility Solutions, Inc. ("CHMS"), are somehow personally liable for a default judgment (the "Judgment") obtained by Southridge against CHMS resulting under the terms of a $500,000 debenture issued to Southridge by the CHMS.

    It was immediately apparent to our clients that the instant action was intended to pressure them to cause CHMS to satisfy the Judgment. This conclusion was confirmed by the fact that Southridge suggested a series of lengthy adjournments of the Defendants' time to answer or move, first to December 21, 2007, then to January 18, 2008, and finally to April 18, 2008, ostensibly to provide Southridge and CHMS (which was not then represented by this firm) to

**SNOW BECKER KRAUSS P.C.**

Honorable Loretta A. Preska
United States District Court Southern District of New York
July 22, 2008
Page 2

endeavor to agree to terms to satisfy the Judgment.

Despite these lengthy adjournments, efforts to settle CHMS's obligation were sporadic and, ultimately, unsuccessful. Thus, the Defendants served their Motion to Dismiss on April 9, 2008. Following his receipt of the motion, Southridge's counsel continued to express his client's interest in attempting to reach a settlement with CHMS and submitted four separate requests to Your Honor to extend Southridge's time to oppose the Defendants' motion from the initial date of April 23, 2008, first to May 14, 2008, then to May 28, 2008, then to June 18, 2008, and then to July 9, 2008. The Defendants did not oppose these requests even though throughout this months-long period no settlement agreement was reached, Southridge's demands struck our clients as increasingly overreaching and the possibility of settlement appeared more and more remote.

On July 7, 2008, Southridge's counsel circulated its draft Settlement Agreement to reflect terms it asserted had been agreed to by CHMS's counsel. In light of the circulation of the Settlement Agreement, we assented to yet another adjournment of Southridge's time to oppose Defendants' motion, this time to July 23, 2008. Shortly thereafter, this firm was asked to represent CHMS for the sole purpose of finalizing the settlement between Southridge and CHMS.

We agreed to this limited representation of CHMS, and between July 16 and 18, 2008, engaged in several conference calls with Southridge's attorneys, during which we repeatedly expressed the Defendants' and CHMS's agreement to all of the material terms of the Settlement Agreement prepared and circulated by Southridge (our only non-substantive change was with regard to escrow terms). However, once our clients agreed to the material terms of the agreement, Southridge changed the terms of its settlement demand, insisting on terms which were substantially more onerous and ultimately untenable from the perspective of CHMS.

Southridge's abrupt departure from the settlement terms which, after months of fitful negotiations, were reduced to writing by its lawyers and agreed to by our clients borders on vexatious conduct. The Defendants have been living under the scepter of this action for more than eight months despite their belief that Southridge's suit against them is a mere tactic which has no legal or factual basis. This belief is confirmed by the fact that Southridge now requests an extension of time through August 15, 2008 to file a "First Amended Verified Complaint," ostensibly due to the unavailability of Southridge's principal to verify the complaint until that time. This excuse is pure pretext. Although this matter was commenced in state court, it was timely removed to this Court. The Federal Rules of Civil Procedure do not authorize the verification of a complaint (or any other pleading) by a party, but rather impose this obligation on counsel pursuant to Rule 11(b). Thus, the availability of Southridge's principal is unnecessary and nothing else in Southridge's request for such an extension justifies the purported requirement for additional time.

**SNOW BECKER KRAUSS P.C.**

Honorable Loretta A. Preska
United States District Court Southern District of New York
July 22, 2008
Page 3

      Accordingly, Southridge's request for an extension should be denied. Thank you for Your Honor's consideration of this matter.

Respectfully yours,

Kenneth E. Citron

cc:     David A. Lackowitz, Esq. (via e-mail)

*Plaintiff's request for an extension of time is denied.*

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

July 22, 2008